**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Owen Hugh ROBERTSON,**
**Defendant–Appellant.**

No. 04–30394.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2005.

Josette Louise Cassiere, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Louisiana, Shreveport, LA, for Plaintiff–Appellee.

Harold C. Gilley, Jr., Gilley & Gilley, Shreveport, LA, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Owen Hugh Robertson appeals the sentence imposed following his guilty-plea conviction for possession of a firearm by a convicted felon. For the first time on appeal, Robertson asserts that the application of an enhancement to his sentence for his possession or use of a firearm in connection with the second-degree murder of his wife was unconstitutional under *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Neither party has addressed the effect of the Supreme Court's recent decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which held

that *Blakely* was applicable to the federal sentencing guidelines. However, because Robertson did raise the Sixth Amendment issue in his opening brief, we will consider whether his sentence must be vacated under *Booker.*

Because Robertson did not raise this issue below, we review for plain error only. *See United States v. Mares,* 402 F.3d 511, 520 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). Robertson has not demonstrated that the district court would have imposed a different or a lesser sentence if it had been guided by the *Booker* holding. Therefore, Robertson has not shown that his sentence is plainly erroneous. *See id.* at 522.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.